**Rich DENOO, Plaintiff–Appellant,**

v.

**Joe KERR;  John Tipton, Defendants– Appellees.**

No. 07–15327.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 4, 2008.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff– Appellant.

Frank H. Roberts, Assistant General Counsel, Mary Phelps Dugan, General Counsel, University of Nevada, Reno, Reno, NV, for Defendants–Appellees.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

## MEMORANDUM *

Rich Denoo appeals from (1) the district court's summary judgment in favor of Joe Kerr and John Tipton on Denoo's First Amendment retaliation claim, and (2) the district court's denial of Denoo's motion for leave to amend his complaint to add an age discrimination claim pursuant to 42 U.S.C. § 1983. We affirm.

■ With respect to Denoo's First Amendment retaliation claim, Denoo did not create a genuine issue of material fact with respect to whether his speech was a substantial or motivating factor for any adverse employment actions suffered. *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003). We also conclude that contrary to Kerr and Tipton's argument, Denoo properly pled the allegation that he engaged in an act of protected speech at a December 18, 2003 meeting with his supervisor. *See* Complaint, paragraph 6. This was sufficient to give Kerr and Tipton notice of Denoo's claim, despite the fact that the allegation does not identify the date of the meeting. *See* Fed.R.Civ.P. 8 (2008); *Pickern v. Pier 1 Imps. (U.S.), Inc.,* 457 F.3d 963, 968–69 (9th Cir.2006) (holding that Rule 8 "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation marks omitted).

On the merits of Denoo's retaliation claim, the record demonstrates that there were legitimate, non-retaliatory reasons for the alleged adverse employment actions: Denoo had failed to perform his job duties in a satisfactory manner; his supervisors had received several complaints from clients regarding Denoo's poor job performance and attitude; and Denoo's replacement as security supervisor was qualified for the position. Denoo's evidence of pretext is insufficient to create a material issue of fact to preclude summary judgment.

■ With respect to Denoo's request for leave to amend his complaint to add a Section 1983 age discrimination claim, the district court did not abuse its discretion in denying leave because the proposed amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). There is no evidence, beyond Denoo's conclusory allegations, that Kerr and Tipton acted with an intent to discriminate *based on Denoo's age.* Moreover, as described above, there were legitimate, non-discriminatory reasons for any alleged adverse employment actions Denoo suffered. Because Denoo's proposed Section 1983 age discrimination claim would fail on the merits, *Sischo–Nownejad v. Merced Comm. Coll. Dist.,* 934 F.2d 1104, 1112–13 (9th Cir.1991), *superseded by statute on other grounds as stated in Dominguez–Curry v. Nev. Transp. Dep't,* 424 F.3d 1027, 1041 (9th Cir.2005), the district court did not abuse its discretion in denying Denoo leave to amend.

Because we conclude that Denoo's Section 1983 age discrimination claim fails on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the merits, we do not reach the issue of whether, and to what extent, the Age Discrimination in Employment Act of 1967 preempts Section 1983 actions for age discrimination.

**AFFIRMED.**